**NATIONAL LABOR RELATIONS BOARD**

v.

**OLIVER MACHINERY CORP.**

No. 11971.

United States Court of Appeals, Sixth Circuit.

Feb. 16, 1954.

A. Norman Somers, Elizabeth W. Weston, Washington, D. C., for petitioner.

John W. Cummiskey, McCobb, Heaney & Dunn, Grand Rapids, Mich., for respondent.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned for enforcement of its order directed against the Oliver Machinery Corporation to cease and desist from dominating or interfering with the administration of, or contributing financial or other support to, the Employees' Committee, including both the West Side Committee and the East Side Committee, or from recognizing or in any other manner dealing with such committee, interrogating such employees with respect to their union sympathies or conducting polls among them; and from interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form labor organizations, to join or assist United Electrical, Radio and Machine Workers of America, Independent, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection; and to refrain from all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a con-

dition of employment, as authorized in section 8(a) (3) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and to withdraw all recognition from and completely disestablish the aforesaid committee as the representative of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or other terms or conditions of employment.

Upon consideration of the entire record in the case and the oral arguments and briefs of the respective attorneys for petitioner and respondent, this court is of opinion that the order of the labor board should be enforced as prayed in its petition. We think there is ample evidence to support the finding of the trial examiner in his intermediate report, which was adopted by the National Labor Relations Board, that the respondent encouraged, assisted, interfered with and dominated the Employees' Committee to the extent that its disestablishment is required. The record reveals that the committee has no independent means of support, that all its meetings have been attended by at least one top management official of the respondent and that such meetings are held on respondent's property; that the representatives of employees are paid for time spent at such meetings, that the elections of the departmental representatives were not free from participation by foremen, that a superintendent of the company served as secretary of all joint meetings of the committee; and that the committee has had no legal advice of its own but has conformed in its functions to the explanations by a company manager of what could or could not be lawfully done.

We think that, on its facts, this case cannot be distinguished upon principle from National Labor Relations Board v. General Shoe Corporation, 6 Cir., 192 F.2d 504, certiorari denied 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323, and from the later case of National Labor Rela-

tions Board v. Sharples Chemicals, Inc., 6 Cir., 209 F.2d 645.

Accordingly, the petition of the National Labor Relations Board for enforcement of its order is granted as prayed therein.